## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Local 8027, AFT-New Hampshire,　　　　*
AFL-CIO, et al.,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Plaintiffs,　　　　　　　*
　　　v.　　　　　　　　　　　　　　　*　　　Case No. 1:21-cv-01063-JL
　　　　　　　　　　　　　　　　　　　*
Frank Edelblut, in his Official Capacity as　*
Commissioner of the Department of　　　*
Education, et al.,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Defendants.　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ASSENTED-TO MOTION TO EXTEND

The defendants, by and through the New Hampshire Attorney General's Office, submit the following assented-to motion to extend their deadline to answer or otherwise plead:

1.　　　This case is currently one of two pending before this court raising challenges to chapter 91, sections 297 and 298 of 2021 House Bill 2. *See Mejia v. Edelblut*, No. 21-cv-1077-PB (filed Dec. 20, 2021).

2.　　　The defendants' deadline to answer or otherwise plead in both cases is February 18, 2022.

3.　　　On February 14, the plaintiff groups in each case collectively proposed moving to consolidate both cases into a single docket so that they are in front of one judge.

4.　　　The defendants agree in principle that consolidation would promote efficiency and judicial economy and accordingly assent to consolidation. An assented-to motion to consolidate was filed in each case earlier today.

5.      Defense counsel understand it to be the Court's typical practice, when granting consolidation, to issue a consolidation order directing the plaintiffs to file a consolidated complaint within a certain period of time. *See, e.g.*, *Currier v. Loyal Order of Moose Lodge Newport Lodge*, No. 19-cv-1196-JL, ECF Doc. No. 13 (June 19, 2020 Consolidation Order); *Moody v. PennyMac Loan Svcs., LLC*, No. 16-cv-00021-JL, ECF Doc. No. 67 (June 19, 2017 Consolidation Order);  *Sig Sauer, Inc. v. Freed Designs, Inc.*, No. 14-cv-461-SM, ECF Doc. No. 38 (Aug. 11, 2015 Consolidation Order); *Sears Roebuck & Co. v. W/S Lebanon, LLC*, No. 14-cv-422-JL, ECF Doc. No. 23 (Mar. 25, 2015 Consolidation Order).

6.      The plaintiffs have represented to defense counsel that they do not believe that a consolidated complaint would be appropriate in this case. The defendants believe that a single consolidated pleading would promote efficiency and judicial economy. Ultimately, however, this appears to be a question left to the discretion of the judge presiding over the consolidated action. *Compare, e.g., supra* ¶ 5 (collecting cases) *with, e.g.*, *Ocado Innovation Ltd. v. Autostore AS*, No. 21-cv-00041-JL, ECF Doc. No. 83 (Dec. 18, 2021 Consolidation Order) (directing the defendants "to answer or otherwise respond to the complaint in the former related case"); *N.H. Lottery Comm'n v. U.S. Att'y General*, No. 19-cv-00163-PB, ECF Doc. No. 9 (Feb. 22, 2019 Consolidation Order) (directing the parties to "meet and confer and file a joint proposed briefing schedule").

7.      The parties are requesting a case-management conference in conjunction with their motion to consolidate in order to address this question at the outset of the consolidated proceedings. The parties also wish to address whether this case should be consolidated under the second-filed docket, given that Judge Laplante, the judge assigned to first-filed docket, is recused from the second-filed matter.

8.      The defendants request that their deadline to answer or otherwise plead be extended so that it falls after this conference. The defendants specifically request that the deadline be extended to March 14, 2022, or to a date otherwise established at the case-management conference.

9.      The defendants believe that the efficiency gained by resolving the mechanics of consolidation in these matters before a responsive pleading or dispositive motion is filed outweighs any marginal delay caused by further extending their answer deadline.

10.     The plaintiffs assent to the relief requested in this motion. They have asked, in turn, that their deadline to respond to any dispositive motion filed by the defendants be correspondingly extended. The defendants assent to that request.

11.     The requested extension will not result in the continuance of any hearing, conference, or trial. LR 7.2(a).

12.     No memorandum accompanies this motion, as all support for the requested extension is contained in the motion itself. LR 7.1(a)(2).

WHEREFORE, the defendants respectfully request that this Honorable Court:

A.      Extend their deadline to answer or otherwise plead to March 14, 2022, or to a date otherwise established at the case-management conference requested in conjunction with the assented-to motion to consolidate filed today; and

B.  Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Frank Edelblut, in his Official Capacity as Commissioner of the Department of Education, Christian Kim in his Official Capacity as the Chair of the New Hampshire Commission on Human Rights, and John Formella in his Official Capacity as Attorney General of the State of New Hampshire

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: February 18, 2022            /s/*Samuel Garland*
                                    Seth M. Zoracki, Bar #267887
                                    Senior Assistant Attorney General
                                    Samuel R.V. Garland, Bar #266273
                                    Assistant Attorney General
                                    Civil Bureau
                                    (603) 271-3650
                                    seth.m.zoracki@doj.nh.gov
                                    samuel.rv.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served on all counsel of record

through the Court's CM/ECF system.

                                    /s/*Samuel Garland*
                                    Samuel R.V. Garland